# In the United States Court of Federal Claims

No. 17-1175C
(Filed: October 12, 2017)

FILED

OCT 1 2 2017

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
WILLIAM J. ROHLAND,                       *
                                          *
            Plaintiff,                    *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
            Defendant.                    *
*****************************************
```

In Forma Pauperis; Prisoner; Jury Trial; Enlargement of Time

William J. Rohland, Huntingdon, PA, pro se.

David R. Pehlke, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Currently before the court are the following motions: plaintiff's motion for class certification, plaintiff's motion for a jury trial, plaintiff's motion for leave to proceed in forma pauperis ("IFP"), and defendant's motion for an enlargement of time within which to respond to plaintiff's motions for class certification and for a jury trial.

### I. PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IFP

Plaintiff, a prisoner, filed his complaint in the above-captioned case, proceeding pro se, on August 30, 2017. However, plaintiff submitted his complaint without the required filing fees or a completed application to proceed IFP. On September 7, 2017, the court ordered plaintiff to either pay the $400.00 in required fees or submit a completed IFP application and Prisoner Authorization Form. On September 25, 2017, the court returned an incomplete IFP application to plaintiff, and ordered plaintiff to submit a complete IFP application, including a Prisoner Authorization Form. On October 5, 2017, plaintiff submitted an IFP application that contained the Prisoner Authorization Form. Plaintiff's application was docketed as a motion for leave to proceed IFP.

The determination of whether a plaintiff has met the requirements for proceeding IFP is a discretionary matter. Pleasant-Bey v. United States, 99 Fed. Cl. 363, 365-66 (2011). Although plaintiff's application is incomplete, the court is satisfied it contains "sufficient information pertaining to his lack of assets and his inability to pay the [filing] fee." Id. at 366.

In addition to demonstrating an inability to pay the filing fee, pursuant to what is known as the three-strikes rule, Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015), if a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief can be granted, he or she is barred from initiating further suits or appeals without first paying the filing fee, unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2012). Plaintiff does not appear to have three strikes as described in 28 U.S.C. § 1915(g). Accordingly, the court **GRANTS** plaintiff's motion for leave to proceed IFP.

Notwithstanding the court's waiver, prisoners seeking to proceed IFP are required to pay, over time, the filing fee in full. 28 U.S.C. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the United States Court of Federal Claims each time the account balance exceeds $10.00 and until such time as the filing fee is paid in full. Id.

## II. PLAINTIFF'S MOTION FOR A JURY TRIAL

As described in the court's September 25, 2017 order, the court explained that it would not entertain plaintiff's motions for class certification and for a jury trial until after plaintiff complied with the court's September 7, 2017 order by paying the required filing fees or submitting a completed IFP application and Prisoner Authorization Form. Since plaintiff has provided the court with sufficient information to resolve his motion for leave to proceed IFP, the court finds that plaintiff has substantially complied with the court's September 7, 2017 order.

Without awaiting a response from defendant, the court must **DENY** plaintiff's motion for a jury trial. While Rules 38 and 39 of the Federal Rules of Civil Procedure provide for jury trials, there are no provisions for jury trials in the Rules of the United States Court of Federal Claims ("RCFC"). The "nonexistence of jury trials" in the United States Court of Federal Claims, James v. Caldera, 159 F.3d 573, 589-90 (Fed. Cir. 1998), does not run afoul of the Seventh Amendment because it is an Article I court, United States v. Sherwood, 312 U.S. 584, 587 (1941). See also Lehman v. Nakshian, 453 U.S. 156, 160 (1981) ("It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government."). Therefore, a plaintiff who files suit in this court "waives the right to a jury trial." Arunga v. United States, 465 F. App'x 966, 967 n.2 (2012) (unpublished decision).

## III. DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to RCFC 7.2(a)(1), defendant's responses to plaintiff's motions for class certification and for a jury trial were due October 10, 2017. However, RCFC 6(b)(1)(A) provides that the court "may, for good cause, extend the time" for filing a response to a motion

"if a request is made[] before the original time [for filing the response] or its extension expires." Defendant's motion for an enlargement of time was filed on October 10, 2017—the original due date for defendant's responses—and thus is timely. Defendant's motion also complies with the requirements of RCFC 6.1. Therefore, the motion is properly before the court.

In its motion, defendant explains that granting the enlargement will enable it to respond to the complaint and to plaintiff's motions at the same time. Def.'s Mot. 2. Therefore, for good cause shown, the court **GRANTS** defendant's motion for an enlargement of time within which to respond to plaintiff's motion for class certification. The court **DENIES AS MOOT** defendant's motion for an enlargement of time within which to respond to plaintiff's motion for a jury trial because the underlying motion has been denied.

## IV. CONCLUSION

For the reasons stated above, the court orders as follows:

- Plaintiff's motion for leave to proceed IFP is **GRANTED**;

- Plaintiff's motion for a jury trial is **DENIED**;

- Defendant's motion for an enlargement of time within which to respond to plaintiff's motion for class certification is **GRANTED**; and

- Defendant's motion for an enlargement of time within which to respond to plaintiff's motion for a jury trial is **DENIED AS MOOT**.

The court will defer ruling on plaintiff's motion for class certification until after defendant responds. Defendant shall file its response to plaintiff's motion for class certification **no later than Thursday, November 2, 2017**, which coincides with the deadline for defendant to file its answer to plaintiff's complaint.

In addition, although the court grants plaintiff's motion for leave to proceed IFP, plaintiff is directed to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as previously described.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge