ORIGINAL

# In the United States Court of Federal Claims

FILED

No. 17-1175C
(Filed: January 26, 2018)

JAN 2 6 2018

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
WILLIAM J. ROHLAND,            *
                               *
            Plaintiff,         *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
*************************************
```

Pro Se Plaintiff; RCFC 12(b)(1); RCFC
12(b)(6); Subject Matter Jurisdiction;
Failure to State a Claim Upon Which
Relief Can Be Granted; Civil Rights; Tort;
Money-Mandating Provision of Law;
Collateral Attack; Pleading Standards;
Breach of Contract; Takings Clause of the
Fifth Amendment; Patent Infringement;
28 U.S.C. § 1500

William J. Rohland, Huntingdon, PA, pro se.

David R. Pehlke, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

In this case, plaintiff—on behalf of himself and unnamed others—complains of conduct by various individual federal and state actors and the federal government generally. Defendant has moved for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and, alternatively, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). As explained below, the United States Court of Federal Claims ("Court of Federal Claims") lacks jurisdiction to (1) entertain claims against parties other than the federal government, (2) review the decisions of state courts and other federal courts, (3) entertain plaintiff's constitutional claims, (4) entertain claims sounding in tort, and (5) entertain previously filed claims that are pending in another court. Further, although the Court of Federal Claims has jurisdiction to entertain contract, takings, and patent claims generally, plaintiff has failed to establish that his claims are within this court's jurisdiction. Accordingly, the court grants defendant's motion to dismiss.

## I. BACKGROUND

### A. Factual History

Plaintiff is currently serving a life sentence in Pennsylvania state prison. In re Rohland, 538 F. App'x 139, 139-40 (3d Cir. 2013) (per curiam) (unpublished memorandum decision). His sentence was imposed in October 2007, and he has been incarcerated since approximately June 2006. Id. at 140. Plaintiff has unsuccessfully sought federal habeas relief, pursuant to 28 U.S.C.

7016 3010 0000 4308 3693

§ 2254, on the basis of an allegedly defective sentencing order. See id. (discussing federal habeas petitions filed by plaintiff in 2010 and 2012).

Plaintiff's most recent federal habeas petition was filed in the United States District Court for the Middle District of Pennsylvania ("Middle District of Pennsylvania") on February 24, 2017. See generally Rohland v. Kauffman, No. 1:17-cv-00333, 2017 WL 3205773 (M.D. Pa. June 30, 2017) (R. & R.). In that petition, plaintiff argued that he was "being held in custody pursuant to a discovery order entered in an unrelated state court civil action." Id. at *2. Magistrate Judge Joseph F. Saporito, Jr. explained that, in plaintiff's view, "notwithstanding the repeated rejection of [plaintiff's] position by state and federal courts, [plaintiff's] prison sentence was not validly imposed, so [plaintiff] must be confined pursuant to some other court order." Id. Since plaintiff's claim had been raised in his previous federal habeas petitions, Judge Saporito recommended that plaintiff's petition be dismissed for lack of subject matter jurisdiction. Id. After reviewing the Report and Recommendation issued by Judge Saporito, plaintiff's objections, and other filings by plaintiff, Chief Judge Christopher C. Conner adopted the report, dismissed plaintiff's petition for a writ of habeas corpus, denied plaintiff's motion for recusal, and denied plaintiff's demand for an evidentiary hearing.[1] Rohland v. Kauffman, No. 1:17-cv-00333, 2017 WL 3189260 (M.D. Pa. July 27, 2017) (order dismissing case). Plaintiff appealed the dismissal on August 24, 2017; the appeal was denied on November 28, 2017. Def.'s Mot. Ex. A at 4-5; Rohland v. Superintendent Huntingdon SCI, No. 17-2862 (3d Cir. docketed Aug. 25, 2017).

During the pendency of plaintiff's 2017 habeas action, on April 11, 2017, plaintiff sought to intervene as co-counsel to the government in a federal criminal prosecution involving fraud, conspiracy, and theft. See generally Request to Participate in Prosecution, United States v. Capozzi, No. 3:16-cv-00347 (M.D. Pa. Apr. 11, 2017), ECF No. 50. Plaintiff's stated purpose for requesting intervention in Capozzi was to join Kevin Kauffman and Richard Moyer of the Pennsylvania Department of Corrections as defendants alongside the three named defendants; plaintiff accused Messrs. Kauffman and Moyer of "fraud, tax fraud, obstruction of orders, and concealment of felonies of [identity] theft" resulting in "destruction [and] annihilation of res." Id. at 8. Plaintiff failed to describe or otherwise specify the nature of such "res."

On June 9, 2017, plaintiff sent a document captioned "Conditional Acceptance Upon Proof of Presumption" ("Conditional Acceptance") to Judge James M. Munley and Assistant United States Attorney Michael A. Consiglio—the presiding judge and prosecutor, respectively, in Capozzi. See Settlement Instrument 2, Rohland v. Kauffman, No. 1:17-cv-00333 (M.D. Pa. July 20, 2017), ECF No. 34; Capozzi, No. 3:16-cr-00347, ECF No. 1. On June 24, 2017, after Judge Munley and Mr. Consiglio apparently did not respond to plaintiff's Conditional Acceptance, plaintiff sent a "Notice of Default and Opportunity to Cure" ("Notice of Default") to Judge Munley and Mr. Consiglio. Settlement Instrument 2. Plaintiff's Notice of Default instructed Judge Munley and Mr. Consiglio that their failure to respond within fifteen days, i.e.,

---

[1] The docket sheet for Rohland v. Kauffman, No. 1:17-cv-00333 (M.D. Pa. filed Feb. 24, 2017), was attached as Exhibit A to defendant's motion to dismiss in the instant case. See generally Def.'s Mot. Ex. A, ECF No. 14-1.

by July 9, 2017, would constitute "admissions to each and every point" contained therein, "signify [their] silent acquiescence and tacit agreement" with the "Amicable Stipulated Agreement" that was attached to the Notice of Default, and place plaintiff "beyond reproach by any objections" thereto. Id. at 4. In the Amicable Stipulated Agreement, plaintiff declares that Chief Judge Connor, Judge Munley, Judge Saparito, and Mr. Consiglio engaged in "malicious use of legal process and abuse [through] official oppression"; that there are several victims who have had their constitutional rights violated and thus are owed civil restitution based on the victims' "class action demands"; that "any use, trespass, destruction, [or] annihilation of private res by Government or other[s] is compensable"; and that failure to respond would result in "default and dishonor," the loss of "rights/res," and a default judgment without notice of any future proceedings. Id. at 5-7. Plaintiff filed his "Settlement Instrument," dated July 9, 2017, in his 2017 habeas action on July 20, 2017, and attached copies of his Notice of Default and Amicable Stipulated Agreement. Id. at 1. In the Settlement Instrument, plaintiff avows that the federal government, vis-à-vis the failure of Judge Munley and Mr. Consiglio to respond to plaintiff's Notice of Default, admitted and confessed settlement with plaintiff. Id.

The day prior to filing his Settlement Instrument, plaintiff had filed a "Settlement Sheet" (dated July 16, 2017) in his 2017 habeas action. See generally Settlement Sheet, Rohland v. Kauffman, No. 1:17-cv-00333 (M.D. Pa. July 19, 2017), ECF No. 32. In the Settlement Sheet, plaintiff argued that Judge Saporito "intervened" as a third party in plaintiff's 2017 habeas action in violation of several provisions of the United States Constitution, including Article IV and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and therefore plaintiff "has been prejudiced, abused[,] and received actual irreparable harm through denial of constitutional protection." Id. at 1. Plaintiff declared that he was unilaterally settling his "abuse, harm, tort, prejudice, [and] constitutional violations" claims in exchange for a waiver of immunity with respect to Judge Saporito. Id. at 2; accord id. at 3 (characterizing the Settlement Sheet as a "sett[le]ment . . . between parties" that was "complete and absolute"). Plaintiff further declared, in an attached "Affidavit of Facts," that Judge Saporito "did not contest" the allegations against him, thereby waiving immunity and professing agreement that plaintiff was entitled to "granting of writ [in plaintiff's 2017 habeas action], discharge of bonds, surety, accounts closed, compensation conveyed, [and] all res order[ed] released to [plaintiff]." Id. at 3.

In the meantime, on July 7, 2017, plaintiff billed Chief Judge Connor and Judge Saparito in the amount of $1 billion for "unlicensed trespass[,] use[,] destruction[, and] movements of private res of private trust" in violation of the Fifth Amendment, payable to a charitable educational trust designated by plaintiff within thirty days; a copy of the bill was attached to plaintiff's complaint in the instant action. Compl. App. 1, ECF No. 1.[2] The outstanding balance continues to rise at $1.00 per day "for breach and non-absolution." Compl. ¶ 8, ECF No. 1.

---

[2] Plaintiff's complaint and its attached appendix were filed as one document.

## B. Procedural History

Plaintiff filed his complaint in the instant action on August 30, 2017. Attached to the complaint was an "Affidavit of Fact" in which plaintiff alleges that Judge Saparito, by "stipulation and process," admitted to having violated Article IV and Amendments Four, Five, Six, Eight, and Fourteen of the United States Constitution. Compl. App. 4. Plaintiff further alleges therein that Judge Saparito waived any immunity he might have based on his lack of "attempt to preserve [and] defend [his] temporal limit." Id. at 5. Plaintiff contends that Judge Saparito's actions in not effecting payment of the $1 billion owed to plaintiff amount to a breach of the settlement agreement and thus the "use, trespass[,] and destruction of [plaintiff's] private res." Id. Further, plaintiff avows that Judge Saparito failed in his fiduciary duty to protect plaintiff against kidnapping perpetrated by the Pennsylvania Department of Corrections, and that Judge Saparito and Chief Judge Conner conspired to deny plaintiff an "absolute, plain course at law" in plaintiff's 2017 habeas action. Id. According to plaintiff, the alleged breach of the settlement agreement amounts to a Fifth Amendment taking by the government. Compl. ¶ 1. The "res" to which plaintiff makes repeated references as being illegally taken is ostensibly composed of plaintiff's "patents, trust, droits, intellectual property, work products, [and] marks."[3] Id. ¶ 9. Plaintiff lists the following defendants in his action on the second page of his complaint: Michael Fedor of the Pennsylvania Treasury Bureau of Unclaimed Property; Pennsylvania State Treasurer Joe Torsella; United States Attorney General Jeff Sessions, United States Secretary of the Treasury Steven Terner Mnuchin; Mr. Kauffman; Robert Monahue, Krisandra Capozzi, and Frank Capozzi (the three named defendants in Capozzi); Judge Saparito; Chief Judge Conner; and the United States federal government.

After filing the complaint, plaintiff filed separate motions for class certification, a jury trial, and leave to proceed in forma pauperis. In an October 12, 2017 Opinion and Order, the court granted plaintiff's motion for leave to proceed in forma pauperis, denied plaintiff's motion for a jury trial due to the "nonexistence of jury trials" in the Court of Federal Claims, and reserved ruling on plaintiff's motion for class certification pending a response from defendant. Rohland v. United States, No. 17-1175C, 2017 WL 4562502 (Fed. Cl. Oct. 12, 2017). Defendant subsequently filed a motion to dismiss. Plaintiff failed to respond to defendant's motion despite being granted a sua sponte extension to do so. See Order, Dec. 12, 2017, ECF No. 16. The court is now prepared to rule.[4]

---

[3] A droit is a "legal right or claim." Droit, Black's Law Dictionary (9th ed. 2009). Plaintiff alleges that he is entitled to receive $1 billion, plus interest, from the federal government, and is further entitled to be released from prison.

[4] Plaintiff's complaint contained a demand for a jury trial and a request for a hearing. Compl. ¶ 9. As explained above, the court has already ruled on the jury trial issue. Further, the court considers oral argument unnecessary for resolving defendant's motion to dismiss. Accordingly, both requests are denied.

## II. LEGAL STANDARDS

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from its burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 179 (1936); Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### B. Standards of Review

#### 1. RCFC 12(b)(1)

In determining whether subject matter jurisdiction exists, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). With respect to a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, that the court possesses subject matter jurisdiction. Id. The court is not limited to the pleadings in considering subject matter jurisdiction. Banks, 741 F.3d at 1277; Pucciariello v. United States, 116 Fed. Cl. 390, 400 (2014). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

#### 2. RCFC 12(b)(6)

A claim that survives a jurisdictional challenge remains subject to dismissal under RCFC 12(b)(6) if it does not provide a basis for the court to grant relief. Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy."). To survive an RCFC 12(b)(6) motion to dismiss, a plaintiff must include in its complaint "enough facts to state a claim to relief that is plausible on its face" sufficient for the defendant to have "fair notice" of the claim and the "grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted). In other words, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on such a motion, the court must "accept as true all of the factual allegations contained in the complaint" and any attachments thereto. Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56); accord

RCFC 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (applying RCFC 10(c) and emphasizing that "a court 'must consider the complaint in its entirety, . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice'" (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007))).

The issue at this stage of litigation is not the sufficiency of defendant's potential defenses or the likelihood of plaintiff's eventual success on the merits of his claim, but simply whether plaintiff has alleged specific facts describing a plausible claim for relief. See Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 938 (Fed. Cir. 2007) ("The court must determine 'whether the claimant is entitled to offer evidence to support the claims,' not whether the claimant will ultimately prevail." (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))). As a pro se litigant, plaintiff is afforded leniency in drafting his complaint. See Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014).

### C.  Subject Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Subject matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." United States v. Cotton, 535 U.S. 625, 630 (2002), quoted in Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Therefore, it is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015). Either party, or the court sua sponte, may challenge the court's subject matter jurisdiction at any time. Arbaugh, 546 U.S. at 506.

### D.  Tucker Act

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S.

392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### E.   28 U.S.C. § 1500

The Court of Federal Claims similarly does not possess jurisdiction to hear claims that are pending in another court. 28 U.S.C. § 1500; United States v. Tohono O'Odham Nation, 563 U.S. 307, 311 (2011); Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013); Res. Invs., Inc. v. United States, 114 Fed. Cl. 639, 647 (2014). Whether this statutory bar to jurisdiction applies is measured at the time the complaint is filed. Brandt, 710 F.3d at 1379-80; Res. Invs., 114 Fed. Cl. at 647; Vero Tech. Support, Inc. v. United States, 94 Fed. Cl. 784, 790 (2010).

> To determine whether [28 U.S.C.] § 1500 applies, a court must make two inquiries: (1) whether there is an earlier-filed "suit or process" pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are "for or in respect to" the same claim(s) asserted in the later-filed Court of Federal Claims action. If the answer to either of these questions is negative, then the Court of Federal Claims retains jurisdiction.

Brandt, 710 F.3d at 1374. Two actions are "for or in respect to the same claim . . . if they are based on substantially the same operative facts, regardless of the relief sought in each suit." Tohono, 563 U.S. at 317.

Whether 28 U.S.C. § 1500 operates to bar this court from exercising jurisdiction in this case was not raised by the parties, but the court has the responsibility to examine all pertinent issues relevant to subject matter jurisdiction because "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); accord Gonzalez v. Thaler, 132 S. Ct. 641, 658 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."). In other words, a court may examine the issue of subject matter jurisdiction "on its own initiative" at any point in a case. Arbaugh, 546 U.S. at 506; see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

### III.   DISCUSSION

The court construes plaintiff's complaint as alleging a taking without just compensation in violation of the Fifth Amendment to the United States Constitution by state and federal officials and the federal government, various civil rights and constitutional violations perpetrated by state and federal officials, various torts involving federal and state officials, challenges to prior state and federal court decisions, a breach of contract claim against the federal government,

and a patent infringement claim against the federal government.[5]  Without inquiring into whether plaintiff's claims are barred by claim and/or issue preclusion based on prior federal court decisions, it is clear that the Court of Federal Claims lacks jurisdiction over several of plaintiff's claims.  To the extent that jurisdiction is proper, plaintiff has failed to state a claim upon which relief can be granted.  Consequently, plaintiff's complaint must be dismissed.

### A.  The United States Is the Only Proper Defendant in the Court of Federal Claims

Although the court has construed the complaint in the light most favorable to plaintiff, the crux of the allegations contained therein are lodged against the judges involved in plaintiff's 2017 habeas action and the judge and prosecutor involved in Capozzi (the criminal case in which plaintiff sought to intervene as co-counsel for the government).  The allegations also contain implied grievances against officials of the Pennsylvania Department of Corrections, the Pennsylvania Treasury, the United States Department of Justice, and the United States Department of the Treasury.  However, in the Court of Federal Claims, "the only proper defendant . . . is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); accord RCFC 10(a).  Because "the United States itself" is the only proper defendant in the Court of Federal Claims, this court lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." Anderson v. United States, 117 Fed. Cl. 330, 331 (2014).  In other words, "if the relief sought [in the Court of Federal Claims] is against other than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." Sherwood, 312 U.S. at 584.  Accordingly, to the extent that plaintiff complains of improper conduct by parties other than the United States federal government, this court lacks jurisdiction over those claims, and they must be dismissed.

### B.  The Court of Federal Claims Lacks Jurisdiction Over Plaintiff's Civil Rights and Tort Claims

To the extent that plaintiff asserts civil rights violations and commissions of various torts, plaintiff's claims are outside the reach of this court's Tucker Act jurisdiction.

First, the Court of Federal Claims is not a federal district court.  Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 563 (2017) (distinguishing between the "Court of Federal Claims" and "federal district courts").

Second, only federal district courts possess jurisdiction to entertain claims alleging civil rights violations.  See, e.g., Jones v. United States, 104 Fed. Cl. 92, 98 (2012) (explaining that the Court of Federal Claims has no jurisdiction over claims based on alleged "violations of . . .

---

[5]  To the extent that plaintiff's allegations stem from allegations made in filings in other cases, rather than explicitly in his complaint filed in the instant case, plaintiff is deemed to have incorporated such filings into his complaint by reference.  See Rocky Mountain Helium, 841 F.3d at 1325.

civil rights"); <u>Marlin v. United States</u>, 63 Fed. Cl. 475, 476 (2005) (explaining that <u>Bivens</u> claims and claims alleging violations of 42 U.S.C. §§ 1981, 1983, and 1985 must be heard in federal district courts).

Third, this court lacks jurisdiction to entertain claims sounding in tort. 28 U.S.C. § 1491(a); <u>Rick's Mushroom Serv., Inc. v. United States</u>, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, jurisdiction over tort claims against the federal government lies exclusively in federal district courts. <u>U.S. Marine, Inc. v. United States</u>, 722 F.3d 1360, 1365-66 (Fed. Cir. 2013). Claims of fraud, conspiracy, harassment, breach of fiduciary duty, negligence, trespass, and false imprisonment sound in tort.[6] <u>See, e.g.</u>, <u>Lawrence Battelle, Inc. v. United States</u>, 117 Fed. Cl. 579, 585 (2014) (fraud and negligence); <u>Sellers v. United States</u>, 110 Fed. Cl. 62, 68 (2013) (negligence); <u>Cox v. United States</u>, 105 Fed. Cl. 213, 218 (2012) (harassment, fraud, and breach of fiduciary duty); <u>Phang v. United States</u>, 87 Fed. Cl. 321, 325 (2009) (fraud); <u>Gant v. United States</u>, 63 Fed. Cl. 311, 316 (2004) (conspiracy, fraud, and negligence); <u>Dethlefs v. United States</u>, 60 Fed. Cl. 810, 811 (2004) (false imprisonment, trespass, and fraud).

In short, the court must dismiss any civil rights or tort claims asserted by plaintiff.

## C. The Court of Federal Claims Lacks Jurisdiction Over Most of Plaintiff's Constitutional Claims

Plaintiff also asserts violations of Article IV and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. However, other than the Takings Clause of the Fifth Amendment, these constitutional provisions are not money-mandating. <u>Jiron v. United States</u>, 118 Fed. Cl. 190, 199-200 (2014); <u>Jefferson v. United States</u>, 104 Fed. Cl. 81, 90 (2012); <u>Hernandez v. United States</u>, 93 Fed. Cl. 192, 198 (2010). As stated above, the Court of Federal Claims lacks jurisdiction over claims that are "not tied to money-mandating sources of law." <u>Ivaldy v. United States</u>, 655 F. App'x 813, 815 (Fed. Cir. 2016) (unpublished decision).

Therefore, the Court of Federal Claims lacks jurisdiction to entertain plaintiff's Fourth, Sixth, Eighth, and Fourteenth Amendment claims, as well as plaintiff's Fifth Amendment claim to the extent that it concerns the Due Process Clause. <u>See, e.g.</u>, <u>Trafny v. United States</u>, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (Eighth Amendment); <u>Smith v. United States</u>, 36 F. App'x 444, 446 (Fed. Cir. 2002) (unpublished decision) (Sixth Amendment); <u>Brown v. United States</u>, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); <u>Leblanc v. United States</u>, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clause of the Fifth Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment). Further, the Privileges and Immunities Clause of Article IV is not money-mandating, and is thus beyond the jurisdiction of this court.[7] <u>Ivaldy</u>, 655 F. App'x at 815.

---

[6] Plaintiff refers to false imprisonment as "kidnapping" effected by the Pennsylvania Department of Corrections. Compl. App. 5.

[7] Plaintiff did not identify the specific portion of Article IV that he alleges to have been violated. However, even under a very broad construction of plaintiff's complaint, the Privileges

**D. The Court of Federal Claims Cannot Entertain Plaintiff's Collateral Attack Against the Decisions of Other Courts**

In addition to alleging takings, civil rights, constitutional, tort, contract, and patent infringement claims, plaintiff appears to collaterally attack the decisions of Pennsylvania state courts and federal district courts. However, the Tucker Act does not provide the Court of Federal Claims with jurisdiction to entertain collateral attacks on decisions of state courts or federal district courts. 28 U.S.C. § 1491(a); see, e.g., Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." (internal quotation marks omitted)); Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 704 (2016) ("[The Court of Federal Claims] lacks jurisdiction to review the decisions of state courts."); Beadles v. United States, 115 Fed. Cl. 242, 246 (2014) ("Plaintiff's claim is a collateral attack on his criminal conviction, and [the Court of Federal Claims] lacks jurisdiction to hear it.").

Plaintiff's recourse concerning prior adverse decisions is "the statutorily defined appellate process," Shinnecock Indian Nation, 782 F.3d at 1353 (citing 28 U.S.C. § 1291), whether in state or federal court. In other words, judicial decisions can only be reviewed by the appropriate appellate court. Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 218-19 (1995). This court cannot entertain collateral attacks on prior decisions of state or federal courts.

**E. Plaintiff's Allegations Concerning the "Settlement Agreement" Are Insufficient to Establish Jurisdiction in the Court of Federal Claims**

Plaintiff's breach-of-contract claim stems from his allegations concerning the purported settlement agreement. It is well established that settlement agreements constitute contracts "within the meaning of the Tucker Act." VanDesande v. United States, 673 F.3d 1342, 1351 (Fed. Cir. 2012) (internal quotation marks omitted); accord Holmes v. United States, 657 F.3d 1303, 1312-15 (Fed. Cir. 2011) (holding that a claim for breach of a settlement agreement that contemplates money damages, or can fairly be interpreted as such, is a claim within the Court of Federal Claims' jurisdiction); Pucciariello, 116 Fed. Cl. at 402 (emphasizing that "a suit seeking money damages for the alleged breach of a settlement agreement with the government falls within [the Court of Federal Claims'] jurisdiction"); Hall v. United States, 69 Fed. Cl. 51 (2005) ("The United States Court of Federal Claims has jurisdiction over the breach of settlement agreements with the United States."). However, a plaintiff seeking to advance a breach-of-contract claim—including, as in the instant case, the breach of a settlement agreement—must also satisfy the pleading requirements of RCFC 9(k) to invoke this court's jurisdiction. See, e.g., Baha v. United States, 123 Fed. Cl. 1, 5 n.4 (2015) ("Satisfaction of RCFC 9(k) is a jurisdictional requirement."); see also Huntington Promotional & Supply, LLC v. United States, 114 Fed. Cl.

---

and Immunities Clause is the only portion of Article IV that appears to be even remotely implicated.

760, 766 (2014) ("If a plaintiff fails to comply with RCFC 9(k) and to allege sufficient facts to show that it had a contract with the United States, the court cannot exercise jurisdiction over the claim."); Kissi v. United States, 102 Fed. Cl. 31, 35 (2011) (finding no jurisdiction based on the plaintiff's failure to show an existing contract and failure to "adequately plead a contract claim under RCFC 9(k)").

RCFC 9(k) requires a party, "[i]n pleading a claim founded on a contract," to "identify the substantive provisions of the contract . . . on which the party relies." A plaintiff that attaches a copy of the contract to the complaint and "identif[ies] the provisions and terms of the contract that have been breached" satisfies its burden under RCFC 9(k) because doing so allows the court to "render a decision . . . know[ing] the relevant terms of the contract." Garreaux v. United States, 77 Fed. Cl. 726, 730 (2007), quoted in Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 715 (2010). Plaintiff substantially fulfilled the RCFC 9(k) pleading requirement by (1) incorporating the alleged settlement agreement into the complaint via reference to his 2017 habeas action in which the Settlement Sheet and Settlement Instrument were filed; (2) attaching a copy of the bill for $1 billion, sent to Judge Saporito and Chief Judge Conner, to the complaint; (3) attaching an Affidavit of Fact, in which he described the process of arriving at the alleged settlement agreement, to the complaint; and (4) describing the amounts allegedly due in his complaint.

However, plaintiff's allegations concerning a settlement agreement with the federal government nevertheless provide "no basis in contract for this Court's jurisdiction." Def.'s Mot. 8. Assuming (without deciding) that, as plaintiff appears to argue, Judge Saporito had the authority to enter into a settlement agreement for $1 billion on behalf of the federal government—which is a dubious assertion by itself—plaintiff's remaining allegations concerning the formation of the settlement agreement are facially fantastic. See Engage Learning, Inc. v. Salazar, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (requiring a "non-frivolous allegation of a contract with the government" to establish jurisdiction (emphasis added)). At its very core, an agreement involves "a manifestation of mutual assent." Restatement (Second) of Contracts § 3 (Am. Law Inst. 1981). There was, by any nonabsurd stretch of the imagination, no such manifestation here. A person simply cannot, as plaintiff has attempted, unilaterally impose a "settlement agreement" (or any type of contract) on another party. Moreover, to the extent that one or more of the judges involved in plaintiff's 2017 habeas case committed error, plaintiff's remedy is via the legally defined appellate process—not a unilateral "settlement agreement" sought to be enforced in this court. In any event, even if the court possessed jurisdiction over plaintiff's breach-of-contract claim, the claim easily fails the plausibility requirement first outlined in Twombly.

In sum, the court lacks jurisdiction to entertain plaintiff's breach-of-contract claim. To the extent that jurisdiction in this court is proper in that regard, plaintiff has failed to state a claim upon which this court can grant relief.

## F. The Court of Federal Claims Lacks Jurisdiction Over Plaintiff's Takings Claim

The Fifth Amendment to the United States Constitution prohibits the federal government from taking private property for public use without paying just compensation. U.S. Const. amend. V. "It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source [of law] for purposes of Tucker Act jurisdiction" in the Court of Federal Claims. Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1309 (Fed. Cir. 2008). However, a plaintiff must still allege a nonfrivolous takings claim to invoke this court's Tucker Act jurisdiction. Moden v. United States, 404 F.3d 1335, 1341 (Fed. Cir. 2005). To prevail on a takings claim, a plaintiff must "identify[] a valid property interest" under the Fifth Amendment and show a "governmental action [that] amounted to a compensable taking of that property interest." Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1212-13 (Fed. Cir. 2005); accord Casitas Mun. Water Dist. v. United States, 708 F.3d 1340, 1348 (Fed. Cir. 2013); Hearts Bluff Game Ranch, Inc. v. United States, 669 F.3d 1326, 1329 (Fed. Cir. 2012). Even under a broad construction of the complaint, plaintiff's vague references to various types of property fail to provide even a bare allegation of a cognizable property interest sufficient to invoke this court's jurisdiction. Plaintiff appears to assert property rights in his "private res," which is described only as his "[copyrights], patents, trust, droits, intellectual property, work products, [and] marks." Compl. ¶ 9. No further detail is provided.

The only other property interests identifiable in a liberal construction of the complaint are plaintiff's contractual rights in the alleged settlement agreement. To the extent that plaintiff alleges such rights have been taken, his allegation fails to establish this court's jurisdiction because the "settlement agreement" itself is fanciful at best. See supra Part III.E (discussing plaintiff's breach-of-contract claim). Moreover, plaintiff's allegation that his contractual rights have been taken fails to state a claim upon which relief can be granted because of the well-established principle that "interference with . . . contractual rights generally gives right to a breach claim [(which is discussed above),] not a taking claim." Sun Oil Co. v. United States, 215 Ct. Cl. 716, 770 (1978). Further, to the extent that plaintiff alleges his property has been misappropriated by the Pennsylvania Department of Corrections, the Pennsylvania Treasury, individual state actors, and/or individual federal actors, this court lacks jurisdiction to entertain claims against parties other than the federal government. See supra Part III.A.

Even if the court possessed jurisdiction to consider plaintiff's takings claim, plaintiff has failed to establish a plausible claim for relief. To prevail on a takings claim under the Tucker Act, a plaintiff must concede the legitimacy of the government action that effected the taking. Hearts Bluff, 669 F.3d at 1332; Rith Energy, Inc. v. United States, 270 F.3d 1347, 1352 (Fed. Cir. 2001) ("[I]n a takings case we assume that the underlying governmental action was lawful, and we decide only whether the governmental action in question constituted a taking for which compensation must be paid."); accord Reg'l Rail Reorg. Act Cases, 419 U.S. 102, 126-27 & n.16 (1974) ("[T]he Government action must be authorized. 'The taking of private property by an officer of the United States for public use, without being authorized, expressly or by necessary implication, to do some act of Congress, is not the act of the government,' and hence recovery is not available in the [Court of Federal Claims]." (quoting Hooe v. United States, 218 U.S. 322, 336 (1910))). Plaintiff does not make such a concession, but rather alleges that his property has

been misappropriated. See, e.g., Davis v. United States, 123 Fed. Cl. 235, 243 (2015) (differentiating between "an uncompensated taking and an unlawful government action," explaining that each gives rise to a separate cause of action, and finding that the plaintiff failed to state a plausible takings claim because he had alleged improper government conduct (internal quotation marks omitted)), aff'd per curiam, 642 F. App'x. 982 (Fed. Cir. 2016) (unpublished decision).

In sum, the court lacks jurisdiction to entertain plaintiff's takings claim. To the extent that jurisdiction in this court is proper in that regard, plaintiff has failed to state a claim upon which this court can grant relief.

### G.  Plaintiff's Patent Infringement Claim Fails to Satisfy RCFC 9(*l*)

Construed broadly, plaintiff's complaint also contains an allegation concerning patent infringement. Pursuant to 28 U.S.C. § 1498(a), the Court of Federal Claims has jurisdiction to entertain patent infringement claims against the federal government. However, RCFC 9(*l*) also requires that, "[i]n pleading a patent infringement, a party must describe the patent or patents alleged to be infringed." Plaintiff has utterly failed to do so. Plaintiff's vague references to unspecified "patents" among a laundry list of other types of property does not provide even a bare allegation of patent infringement by the federal government sufficient to invoke this court's jurisdiction.

### H.  Plaintiff's Claims Were Pending in Another Court When the Instant Complaint Was Filed

In any event, plaintiff's suit is barred in this court by the application of 28 U.S.C. § 1500 because the same claims were pending in the United States Court of Appeals for the Third Circuit ("Third Circuit") when the complaint in the instant case was filed.

First, plaintiff had "an earlier-filed 'suit or process' pending in another court," Brandt, 710 F.3d at 1374, when his complaint was filed in this court on August 30, 2017. The relevant case is plaintiff's 2017 habeas action. Although plaintiff's 2017 habeas action was dismissed on July 27, 2017, plaintiff filed a notice of appeal on August 24, 2017, and the appeal was still pending as of August 30, 2017. The filing of a notice of appeal makes a claim pending because a new case is then opened on the appellate court's docket. See id. at 1378-79; see also id. at 1379-80 ("[O]nce a claim is dismissed or denied, it is no longer 'pending' for § 1500 purposes until a . . . notice of appeal is filed."). That the appeal has since been denied is of no moment because "[t]he question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed," not at some later point. Loveladies Harbor, 27 F.3d at 1548 (emphasis added).

Second, plaintiff's appeal that was pending at the Third Circuit when he filed the complaint in the instant case involves the same claims that plaintiff asserts in this court. Although the relief plaintiff seeks here (payment of $1 billion) differs from the relief sought in his habeas action (release from confinement), the two cases appear to be "based on substantially

the same operative facts." Tohono, 563 U.S. at 317.  Plaintiff's complaint in this court centers on an alleged settlement agreement arising out of purported admissions of wrongdoing by one of the judges involved in plaintiff's 2017 habeas action.  Plaintiff's pending appeal implicates the same alleged wrongdoing.  The underlying facts as alleged by plaintiff are the same in both cases:  that plaintiff is being wrongfully confined, that the federal judges in the Middle District of Pennsylvania have failed to protect the civil and constitutional rights of plaintiff and other unnamed victims, that plaintiff's "private res" is being misappropriated by federal and state officials, and that plaintiff is owed compensation.

Therefore, since plaintiff had an earlier-filed suit pending in the Third Circuit when he filed his complaint in this court, and the same operative facts underlie both actions, this court, if it possessed subject matter jurisdiction over plaintiff's claims, would be divested of that jurisdiction pursuant to 28 U.S.C. § 1500.

## IV. CONCLUSION

The court has considered all of the parties' arguments.  To the extent not discussed herein, they are unpersuasive, without merit, or immaterial.

Plaintiff has failed to meet his burden of demonstrating that this court has subject matter jurisdiction over any of his claims.  In any event, plaintiff's claims before this court are "so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy." Moden, 404 F.3d at 1341.  To the extent that jurisdiction is proper, plaintiff has failed to state a claim upon which this court can grant relief.

Therefore, the court **GRANTS** defendant's motion to dismiss for lack of subject matter jurisdiction and **DENIES AS MOOT** defendant's motion to dismiss for failure to state a claim upon which relief can be granted.  The court also **DENIES AS MOOT** all other pending motions.

Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.  No costs.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge